UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| NORMANDY MESHON HUFF, | : | CASE NO. 19-50672-WLH |
| *aka* Normandy Huff | : | |
| *aka* Normandy M Huff | : | |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, | : | |
| Chapter 7 Trustee for the Estate of | : | |
| Normandy Meshon Huff, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. |
| | : | |
| OLIVIA SMITH, | : | |
| NORMANDY MESHON HUFF, | : | |
| GEORGIA DEPARTMENT OF | : | |
| REVENUE, UNITED STATES OF | : | |
| AMERICA ON BEHALF OF ITS | : | |
| AGENCIES THE INTERNAL REVENUE | : | |
| SERVICE AND THE UNITED STATES | : | |
| DEPARTMENT OF JUSTICE, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Plaintiff**") for the bankruptcy estate of Normandy MeShon Huff (the "**Bankruptcy Estate**"), by and through undersigned counsel, and files this *Complaint* against Olivia Smith ("**Ms. Smith**") Normandy MeShon Huff ("**Debtor**"), Georgia Department of Revenue ("**GA DOR**"), the United States Department of Justice

1

15081969v1

("**USDOJ**") and the Internal Revenue Service ("**IRS**," and collectively with Ms. Smith, Debtor, USDOJ, and GA DOR, the "**Defendants**") and respectfully shows the Court as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 363(h), 548, 550 and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of Debtor Normandy MeShon Huff, Case No. 19-50672-WLH (the "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. This adversary proceeding is initiated under Rules 7001(1), (2), and (3) of the Federal Rules of Bankruptcy Procedure.

5. Defendant Debtor is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

Normandy MeShon Huff
1702 Westhaven Drive
Atlanta, GA 30311

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

6. Defendant Ms. Smith is Debtor's mother

7. Defendant Ms. Smith is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

>Olivia Smith
>1702 Westhaven Drive
>Atlanta, GA 30311

8. Defendant IRS is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

>Internal Revenue Service
>c/o United States Attorney's Office
>Richard B. Russell Federal Building
>75 Ted Turner Drive, S.W., Suite 600
>Atlanta, Georgia 30303-3309

>Internal Revenue Service
>c/o Special Assistant United States Attorney
>401 West Peachtree Street
>Stop 1000-D
>Atlanta, Georgia 30308

>Internal Revenue Service
>Insolvency Unit
>401 West Peachtree Street, N.W.
>Stop 334-D
>Atlanta, Georgia  30308

>Internal Revenue Service
>c/o Department of Justice, Tax Division
>Civil Trial Section, Southern Region
>Post Office Box 14198
>Ben Franklin Station
>Washington, D.C. 20044

>Internal Revenue Service
>Centralized Insolvency Operation
>Post Office Box 21126
>Philadelphia, PA  19114-0326

15081969v1

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

9. Defendant GA DOR is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

Georgia Department of Revenue
Bankruptcy Section
Post Office Box 161108
Atlanta, Georgia  30321

Georgia Department of Revenue
Taxpayer Services
Post Office Box 1054990
Atlanta, Georgia  30348

Georgia Department of Revenue
Sales and Use Tax
Post Office Box 105296
Atlanta, Georgia 30348

10. Defendant USDOJ is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

Byung J. Pak, U.S. Attorney
Richard B. Russell Federal Building
75 Ted Turner Drive, S.W.
Suite 600
Atlanta, GA 30303-3309

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

15081969v1

11. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

### Statement of Facts

#### a. General Background

12. Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on January 14, 2019 (the "**Petition Date**").

13. On the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs* (the "**Sworn Statements**"), *Schedules A* through *J* (the "**Sworn Statements**"), and *Other Bankruptcy Documents*.

14. In response to Sworn Statements question no. 18, the Debtor testified that she did not sell, trade, or otherwise transfer any property to anyone other than property transferred in the ordinary course of business within the two (2) years prior to the bankruptcy filing.

15. Plaintiff was appointed to the Bankruptcy Case as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1).

16. At the conclusion of the meeting of creditors, conducted in accordance with 11 U.S.C. § 341(a) on February 19, 2019, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d). The duties of Plaintiff include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1).

#### b. The Property and the Transfers

17. By deed recorded on March 22, 1982 in the Fulton County Real Estate Records (Deed Book 8089, Page 245), Ms. Smith and her husband, Robert Lee Smith, became joint co-owners of real property located at 1702 Westhaven Drive, Georgia (hereinafter the "**Property**").

18. Ms. Smith and Robert Smith remained joint owners of the Property except for a very short period when, on June 26, 1989, Ms. Smith recorded a deed (Deed Book 12597, Page 277, Futon County Records) transferring her one-half interest in the Property to Robert Smith. Then, on July 19, 1989, Mr. Smith recorded a deed (Deed Book 12665, Page 51, Fulton County Records) transferring a one-half interest in the Property back to Ms. Smith.

19. On or about November 24, 2015, Ms. Smith, as executor of the probate estate of Robert Smith ("**Mr. Smith**" – Debtor's father and Ms. Smith's husband), conveyed the Property to Ms. Smith pursuant to an Executor's Deed (Deed Book 55606, Page 651, Fulton County Records).

20. On or about January 26, 2016, Ms. Smith recorded a deed (Deed Book 55815, Page 524, Fulton County Records) conveying the Property to Ms. Smith and the Debtor.

21. On or about April 6, 2018, Ms. Smith and Debtor executed and recorded a quitclaim deed (Deed Book 58633, Page 312, Fulton County Records) conveying the Property to Ms. Smith, which resulted in a conveyance of Debtor's one-half interest in the Property to Ms. Smith. The Debtor's transfers of the Debtor's one-half interest in the Property to Ms. Smith (resulting from Debtor's execution and recordation of the quitclaim deed to Ms. Smith) are hereinafter referred to as the "**Transfers**."

22. Upon information and belief, Ms. Smith paid no consideration to Debtor in exchange for the Transfers.

23. Upon information and belief, the Property is unencumbered, and is valued at over $200,000.00. This information is based on a title report (the "**Title Report**") paid for by Trustee and dated February 26, 2019.

15081969v1

*e. Debtor's Financial Condition*

24. There are unsecured claims filed in the Bankruptcy Case in the total amount of $38,382.58

25. On her Sworn Statements, Debtor scheduled total debts of $78,292.00 [Doc. No. 1 at page 41 of 53].

26. Debtor scheduled total assets with a value of $43,685.00. *Id*. at page 19. This includes the value of a vehicle scheduled with a value of $13,950.00, which is subject to a secured debt of $8,805.00, and a retirement account with a value of $27,670.00. Debtor claimed an exemption in the retirement account along with other exemptions totaling $28,960.00. *Id.* at pages 20-21.

27. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

### Liens, Interests, and/or encumbrances on the Property

28. As confirmed by the Title Report, there are no security deeds against the Property.

29. The Property appeared to be encumbered by the following interests prior to the date of the Title Report:

(i) a *State Tax Execution* against an individual named Robert Smith and in favor of the GA DOR, dated February 18, 2009 and recorded on April 15, 2009 in the amount of $3,303.71 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address) (nulla bona entry September 15, 2015);

(ii) a *Notice of Lien for Fine and Restitution* against an individual named Robert Smith and in favor of the USDOJ, dated January 11, 2010 and recorded January 25, 2010 in the amount of $1,290.00 (which appears to be

7

15081969v1

against an individual other than Mr. Smith, since the Notice lists an address that is not the Property residence address);

(iii) a *State Tax Execution* against an individual named Robert L. Smith, III and in favor of the GA DOR, dated April 5, 2010 and recorded May 13, 2010 in the amount of $62,638.28 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address);

(iv) a *Notice of Lien for Fine and Restitution* against an individual named Robert Smith and in favor of the USDOJ, dated November 3, 2011 and recorded November 14, 2011 in the amount of $113,542.34 (which appears to be against an individual other than Mr. Smith, since the Notice lists an address that is not the Property residence address);

(v) a *State Tax Execution* against an individual named Robert Smith and in favor of the GA DOR, dated August 24, 2012 and recorded October 19, 2012 in the amount of $845.09 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address);

(vi) a *State Tax Execution* against an individual named Robert Smith and in favor of the GA DOR, dated December 3017 and recorded January 1, 2018 in the amount of $1,288.63 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address);

(vi) a *State Tax Execution* against an individual named Robert Smith and in favor of the GA DOR, dated June 1, 2016 and recorded June 12, 2018 in

15081969v1

the amount of $2,432.90 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address);

(vii)   a *Federal Tax Lien* against an individual named Robert L. Smith, III and in favor of the IRS, dated September 21, 2018 and recorded October 1, 2018 in the amount of $51,028.53 (which appears to be against an individual other than Mr. Smith, since the Federal Tax Lien lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address); and

(viii)   a *State Tax Execution* against an individual named Robert Smith and in favor of the GA DOR, dated August 20, 2018 and recorded October 4, 2018 in the amount of $1,049.79 (which appears to be against an individual other than Mr. Smith, since the State Tax Execution lists a different Social Security Number than Mr. Smith's number and lists an address that is not the Property residence address).

30.     However, the liens of the USDOJ, IRS, and GA DOR are not liens on the Property, because, upon information and belief, they are not liens against the Debtor, against Mr. Smith, or against Ms. Smith.

## COUNT I

### (Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B))

31.     Plaintiff realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

32.     The Transfers were transfers of an interest of Debtor in property.

33.     The Transfers were within two years before the Petition Date.

15081969v1

34. Debtor received less than reasonably equivalent value in exchange for the Transfers.

35. Debtor was insolvent on the date of the Transfers or became insolvent as a result thereof.

36. The Transfers were made to or for the benefit of an insider.

37. Pursuant to 11 U.S.C. § 548(a)(1)(B), Plaintiff is entitled to avoid the Transfers made by Debtor to Ms. Smith.

## COUNT II

### (Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A), Alternative Count)

38. Plaintiff realleges the allegations of paragraphs 1 through 37 above as though fully set forth herein.

39. The Transfers constituted transfers of an interest of the Debtor in property.

40. The Transfers were made within two (2) years of the Petition Date.

41. At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered her insolvent.

42. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors, as evidenced by the following "badges of fraud": (a) Debtor received no monetary consideration or value in exchange for the Transfers; (b) the Transfers were to or for the benefit of an insider, her mother; (c) the Transfers occurred within two (2) years of the Petition Date; (d) prior to and at the time of the Transfers, the Debtor had substantial debts which remain unpaid; (e) Debtor was insolvent or rendered insolvent as a result of the Transfers; (g) Debtor failed to disclose the Transfers in her originally filed Sworn Statements; and (h) Debtor remained in possession of the Property and continued to live there through the Petition Date.

10

43. Under 11 U.S.C. § 548(a)(1)(A), Plaintiff is entitled to avoid the Transfers made by Debtor to Ms. Smith.

### COUNT III

### (Recovery of the avoided transfers pursuant to 11 U.S.C. § 550)

44. Plaintiff realleges the allegations of paragraphs 1 through 43 above as though fully set forth herein.

45. Defendant Ms. Smith was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

46. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Estate the Property interest transferred through the Transfers, or the value of the avoided Transfers, from Defendant Ms. Smith.

### COUNT IV

### (Preservation of the avoided transfers pursuant to 11 U.S.C. § 551)

47. Plaintiff realleges the allegations of paragraphs 1 through 46 above as though fully set forth herein.

48. Once avoided, the Transfers are automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

### COUNT V

### (Claim for Authority to Sell Real Property of the Bankruptcy Estate Free and Clear of Defendants' Liens, Claims, and Interests under 11 U.S.C. § 363(h))

49. Plaintiff realleges the allegations of paragraphs 1 through 48 above as though fully set forth herein.

50. Once avoided, the Transfers preserved for the benefit of the Estate will result in

15081969v1

the Estate being the co-owner of the Property.

51. The Estate and Ms. Smith own the Property, all improvements thereon, and fixtures attached thereto.

52. Partition in kind of the Property is not practicable.

53. The Bankruptcy Estate would derive very little benefit attempting to sell an undivided one-half interest in the Property to anyone other than Ms. Smith or Debtor.

54. Most of, if not all, the Property's benefit to the Bankruptcy Estate would be eliminated if Trustee were unable to sell Ms. Smith's interest in the Property.

55. By selling the Property itself, there is a significant benefit (i.e., increased value) that far outweighs any detriment to Ms. Smith because she would receive one-half of any net sale proceeds.

56. Under 11 U.S.C. § 363(i), either of the Defendant Ms. Smith or Defendant Debtor are free at any time to purchase the Bankruptcy Estate's interest in the Property.

57. The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural synthetic gas for heat, light, or power.

58. Under 11 U.S.C. § 363(h), Plaintiff is entitled to a judgment authorizing the sale of Ms. Smith's interest in the Property and reimbursement for all costs incurred in this action, including interest and attorney's fees.

## COUNT VI

### (Request to Establish Validity, Extent and Priority of Defendants' Interests)

59. Plaintiff realleges the allegations of paragraphs 1 through 58 above as though fully set forth herein.

15081969v1

60. Trustee shows that the validity, extent and priority of the liens and interests of the IRS, GA DOR and USDOJ in the Property have not been conclusively established and it is necessary to do so to determine the extent of each of those Defendants' interests, if any.

61. Upon information and belief, the liens of the USDOJ, IRS, and GA DOR are not liens on the Property, as they are not liens against the Debtor, against Mr. Smith, or against Ms. Smith.

62. Plaintiff prays for a determination from the Court establishing the extent and validity of the interests, if any, of the Defendants USDOJ, IRS, and GA DOR in the Property.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendant:

a) avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

b) alternatively, avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

c) requiring Defendant Ms. Smith to return to Trustee the interest in the Property transferred through the Transfers, or, alternatively, finding Defendant Ms. Smith liable for the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Estate, pursuant to 11 U.S.C. § 551;

e) determining the extent and priority of all liens, claims, and encumbrances in and to the Property;

f) determining that GA DOR has no lien on the Property;

g) determining that USDOJ has no lien on the Property;

h) determining that IRS has no lien on the Property;

15081969v1

i) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

j) granting such other and further relief as is just and proper.

This 18th day of June, 2020.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Plaintiff*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com
William D. Matthews
Georgia Bar No. 470865
william.matthews@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

14

15081969v1